UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LOUIS CEVASCO et al.,                              :

                                                   :   **ORDER**
                    Plaintiffs,                        04 Civ. 5760 (PAC) (GWG)
                                                   :
    -v.-
                                                   :
NATIONAL RAILROAD PASSENGER et al.,
                                                   :
                    Defendants.                    :
-------------------------------------------------------------X

This Order also applies to the following cases:

05 Civ. 7419
06 Civ. 6072
06 Civ. 6195
06 Civ. 6196
06 Civ. 6956


**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

    The Court is in receipt of letters from counsel for plaintiff and defendant Transportation Resources, Inc. (hereinafter, "the S.D.N.Y. parties") with respect to their requests to enforce compliance with subpoenas to non-parties William Hottenstein and Atlantic Crane Inspection Services (hereinafter, "the Atlantic parties"). The Court is also in receipt of a letter dated February 15, 2007 from the Atlantic parties' counsel.

    The S.D.N.Y. parties are instructed to confer with counsel for the Atlantic parties in person or by telephone in a final effort to resolve this matter. To assist the parties' efforts, the Court notes as follows: (1) A party may serve a subpoena by "delivering" it. See Fed. R. Civ. P. 45(b)(1). Personal service is not required. (2) A party serving a subpoena is required only to tender the witness fees and mileage provided by statute. See 28 U.S.C. § 1821(b), (c). This Court is unaware that there exists legal authority authorizing it to require additional payments to a witness who has not been previously engaged as an expert by a party pursuant to Fed. R. Civ. P. 26(b)(4)(B). (3) If the Atlantic parties believe that any mileage tendered is insufficient under 28 U.S.C. § 1821(c)(2), their counsel should inform the S.D.N.Y. parties of the correct allowance and of the basis therefor. (4) A subpoena does not violate Fed. R. Civ. P. 45(b)(2) if the subpoena is served within 100 miles of the location of the deposition. (5) If Mr. Hottenstein is the person designated to testify with respect to the subpoena served on Atlantic Crane Inspection Services, the parties should agree on a single date for the depositions of these entities.

If the conference among the parties is unsuccessful at resolving this matter, the pre-motion conference requirement is waived. The S.D.N.Y. parties have leave to make the contemplated motions to compel on notice to all parties and the Atlantic parties. The Court notes that if the S.D.N.Y. parties or the Atlantic parties act without substantial justification with respect to making or opposing any motions, the Court may issue an order requiring the payment of attorney's fees and may issue other sanctions.

Transportation Resources is directed to fax a copy of this Order to the Atlantic parties' counsel and to all other parties on this matter.

SO ORDERED.

Dated: New York, New York
       February 16, 2007

GABRIEL W. GORENSTEIN
United States Magistrate Judge