UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
LOUIS CEVASCO and DIANE CEVASCO, :
　:
　　　　　　　　　Plaintiffs, :
　:
　　　　　- against - :
　:
NATIONAL RAILROAD PASSENGER CORP., :
et al., :
　:
　　　　　　　　　Defendants, :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
NATIONAL RAILROAD PASSENGER CORP., :
　:
　　　　　　Third-Party Plaintiff, :
　:
　　　　　- against - :
　:
T.C. JOHNSON COMPANY, et al., :
　:
　　　　　　Third-Party Defendants, :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 23, 2009

04 Civ. 5760 (PAC) (GWG)

ORDER ADOPTING R&R

This Order also applies to the following cases:
05 Civ. 7419
06 Civ. 6195
06 Civ. 6196
06 Civ. 6956

　　　　　HONORABLE PAUL A. CROTTY, United States District Judge:

　　　　　The five consolidated actions in this matter involve personal injury lawsuits against Defendant and Third-Party Plaintiff National Railroad Passenger Corp. ("Amtrak"), resulting from an accident at a work project inside the East River Tunnel in New York City. The issue before the Court is Amtrak's dispute over indemnification provisions in its contracts with Third-Party Defendants Crescent Contracting ("Crescent"), STV, Inc. ("STV"), Hatch Mott MacDonald, Inc. ("HMM"), and STV/HMM, a joint venture of STV and HMM. Amtrak seeks indemnification from Crescent, STV, HMM, and STV/HMM for the personal injury lawsuits

1

filed by the employees of the Third-Party Defendants. Amtrak moves for partial summary judgment on this issue and HMM cross-moves for summary judgment seeking dismissal of Amtrak's claims for indemnification.

The Court assumes the parties' familiarity with the underlying facts and the procedural history of the cases, also available in Magistrate Judge Gorenstein's Report and Recommendation ("R&R") at Cevasco v. Nat'l R.R. Passenger Corp., 04 Civ. 5760 (PAC) (GWG), 2009 U.S. Dist. LEXIS 14422, at *5-*14 (S.D.N.Y. Feb. 23, 2009). In brief, Amtrak and the Third Party Defendants entered into contracts in 2001 and 2002 whereby Third Party Defendants would install interim dry fire standpipe systems inside the East River Tunnel and perform construction management services on the project (the "Standpipe Project"). (R&R 2-3.) The contracts included indemnification clauses protecting Amtrak from liability to the Third-Party Defendants' employees. (Id.) On July 9, 2004, an Amtrak employee lost control of a crane on a separate project approximately one mile away from the Standpipe Project. The crane moved toward the Standpipe Project and ultimately collided with trucks at the Standpipe Project worksite, injuring employees of the Third Party Defendants. (Id. 4-5.) The individual plaintiffs sued Amtrak for their injuries.

The Court referred the general pretrial matters in these cases to Magistrate Judge Gorenstein on May 27, 2005.[1] Amtrak filed its motions for partial summary judgment on February 5, 2008, and HMM cross-moved for summary judgment on March 12, 2008. Magistrate Judge Gorenstein issued his R&R on February 23, 2009, recommending that this Court grant Amtrak's motions and deny HMM's motions. The R&R provided ten days for written objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of

---

[1] These cases were originally assigned to District Court Judge Howell. The cases were reassigned to this Court on October 12, 2005.

Civil Procedure. The R&R specifically advised that if a party failed to file timely objections, that party "will not be permitted to raise any objections to the Report and Recommendation on appeal." (R&R 29.) No objections have been filed.

## **DISCUSSION**

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Upon review and analysis, the Court finds no clear error and agrees with Magistrate Judge Gorenstein's determinations that:

    1) The term "arising out of" within the indemnification provision of the Crescent and Amtrak contract covers the circumstances of the injuries in this case and the language obligates Crescent to defend and indemnify Amtrak against the personal injury claims.

    2) The contract between STV/HMM and Amtrak unambiguously and without limitation states that it will indemnify and hold Amtrak harmless for any claims arising from injuries to STV/HMM employees, and Amtrak may enforce this provision against STV/HMM. The indemnification clause does not limit itself to services performed pursuant to the terms of the agreement.

    3) HMM must indemnify Amtrak for Plaintiff Cevasco's claims because Cevasco was an agent of the joint venture of STV/HMM, and HMM is jointly responsible for STV/HMM's obligations under the contract.

    4) Amtrak did not materially breach the contract by failing to inform STV/HMM of other projects in the tunnels because: A) the contract did not require such information; and B) the failure to inform STV/HMM did not substantially frustrate the purpose of the agreement.

Accordingly, the Court accepts and adopts the Report and Recommendation as its opinion. Amtrak's motions for partial summary judgment are GRANTED, and HMM's motions for summary judgment are DISMISSED. The Clerk of Court is directed to terminate the motions at Docket # 220 in 04 Civ. 5760; Docket # 133 in 05 Civ. 7419; Docket # 87 in 06 Civ. 6195; Docket # 91 in 06 Civ. 6196; Docket # 75 in 06 Civ. 6956; Docket # 248 in 04 Civ. 5760; and Docket # 158 in 05 Civ. 7419. The order of reference to Magistrate Judge Gorenstein is ongoing.

Dated: New York, New York
       March 23, 2009

SO ORDERED

PAUL A. CROTTY
United States District Judge